IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JONATHAN ARROYO,**<br><br>   **Plaintiff,**<br><br>   v.<br><br>**THE STATE, <u>et al.</u>,**<br><br>   **Defendant.** | **CIVIL NO. 21-1501 (PAD)** |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Plaintiff *pro se* initiated this action against the "State" (presumably the Commonwealth of Puerto Rico), the State Police, the Governor of Puerto Rico, Municipal Court Judge Orlando Avilés, the Aguadilla, P.R., Prosecutor's Office, Aguadilla's Chief Prosecutor, Police Officers Félix Pardo, Melissa Escalera, and Soraya Méndez Polanco, Police Integrity Officer Martin Claverol Rodríguez, and one Olga Iris, complaining of "Manufacture of Cases and Violation of Civil Rights," for which he requests $350,000.00 from the State, and $50,000.00 from each of the individual defendants in damages (Docket Nos. 1, 2, 4).[1]  For the reasons explained below, the action must be dismissed.

**I.    BACKGROUND**

Reading plaintiff's filings liberally, the present action arises out of two state cases. As to the first case, plaintiff alleges that he "sold a business," the police "fabricated a case of illegal appropriation against [him]," he was "summoned," and the case "fell twice as a civil matter and not a criminal one" (Docket No. 4).  With respect to the second case, plaintiff alleges, in what

---
[1] The Governor, Judge Aviles, and officers Escalera and Pardo were sued in their official and personal capacities.

he titled "Amended Lawsuit," that he filed a complaint against a person and Officer Escalera did not want to "carry it out" (Docket No. 2). Then, he filed a complaint against the Police and "was charged the other way around." Id. He complained to Police Integrity, and the Police "put the complaint in the office." Id. A judge "denounced [him]" so that the investigation of the administrative complaint would be favorable to the officers, by "manipulating the rules." Id. He maintains that the first lawsuit occurred in 2013 and the second amended lawsuit on November 19, 2020 (Docket No. 6). There are no allegations against the Governor or Olga Iris. Treating this action as a suit under 42 U.S.C. § 1983 and reading plaintiff's filings liberally, they do not state a claim that would entitle him to relief.[2]

## II.     DISCUSSION

### A. Eleventh Amendment

By operation of the Eleventh Amendment, the Commonwealth of Puerto Rico, the State Police and Puerto Rico officials, including the Governor, judges, prosecutors and police officers, cannot be sued for damages in their official capacity in federal court. To this end, the Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens or Subjects of any Foreign State." U.S. Const. Am. XI. Read literally, the Amendment applies only to suits against a State by citizens of another State. Nevertheless, its provisions have been extended to cover "suits by citizens against their own States." Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 363 (2001).

---

[2] A *pro se* plaintiff's complaint must be liberally construed and may be only dismissed "if a plaintiff cannot prove any set of facts entitling him or her to relief." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). *Pro se* status does not insulate a party from complying with procedural and substantive law," including putting forth the "requisite supporting facts" for the elements of the claims. Id.

Arroyo, et. al. v. The State, et. al.
Civil No. 21-1501 (PAD)
Memorandum and Order
Page 3

In this construction, the Eleventh Amendment bars suits in federal court against unconsenting states and state officials in their official capacity "when the action is in essence for recovery of money from the state." Edelman v. Jordan, 415 U.S. 651, 663 (1974). The bar operates as well in cases where the State itself is not a named party if any arm of the State is sued, for "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Davidson v. Howe, 749 F.3d 21, 27 (1st Cir. 2014)(quoting Will v. Mich. Dep't. of State Police, 491 U.S. 58, 71 (1989)). As such, "it is no different from a suit against the [s]tate itself." Id. Puerto Rico "is treated as a state" under the Eleventh Amendment. Díaz-Fonseca v. Puerto Rico, 451 F.3d 13, 33 (1st Cir. 2006).

Plaintiff sued the Commonwealth, State Police and Puerto Rico officials, including the Governor, a judge, prosecutors, and law enforcement officers, all of whom are arms of the State. But there is no indication that Puerto Rico has waived its immunity to be sued here. Therefore, the Eleventh Amendment bars plaintiff's action for damages against the Commonwealth and its officials. See, Miller v. Puerto Rico, 972 F.Supp.2d 220, 222-223 (D.P.R. 2013)(dismissing under Eleventh Amendment case brought against, *inter alia*, Commonwealth of Puerto Rico, the Puerto Rico Office of Court Administration, and Superior Court Judge).

B. **Claims Against Officials in their Personal Capacity**

　　i.　　**2013 Case**

Section 1983 claims are subject to a one-year limitations period applicable to "personal injury" actions in Puerto Rico. Ayala-González v. Toledo-Dávila, 610 F.Supp.2d 153, 155-156 (D.P.R. 2007). By plaintiff's admission, the first of the cases that serve as a predicate to this litigation occurred in 2013. Given that the present action was initiated on October 18, 2021, any damages claim arising out of events dating back to 2013 is time-barred.

Case 3:21-cv-01501-PAD   Document 7   Filed 12/01/21   Page 4 of 5

Arroyo, et. al. v. The State, et. al.
Civil No. 21-1501 (PAD)
Memorandum and Order
Page 4

Even if the claim were timely, the allegations do not present a factual basis for a cognizable civil rights violation. The cause of action most closely analogous to the constitutional right that plaintiff appears to invoke (e.g. redress for fabrication of a case), is one for malicious prosecution. Yet malicious prosecution "cannot be predicated on substantive due process considerations." Felix-de-Santana v. Vélez, 890 F.Supp.65, 66 (D.P.R. 1995). And as malicious prosecution is a recognized tort under Puerto Rico law, that recognition is fatal to a procedural due process claim as well. Id.

Alternatively, it is "an open question whether the Constitution permits the assertion of a 1983 claim for malicious prosecution on the basis of an alleged Fourth Amendment violation." Nieves v. McSweeney, 241 F.3d 46, 54 (1st Cir. 2001). Still, the facts plaintiff has put forward do not suffice to sustain such a claim. For a public official to transgress the Fourth Amendment through the initiation and pursuit of criminal charges, the prosecution of those charges must at a bare minimum have occasioned a deprivation of liberty consistent with the concept of a seizure. Id. Plaintiff alleges that he was summoned to appear in court (Docket No. 4). An "obligation to appear in court to face criminal charges" does not, however, constitute a Fourth Amendment seizure. Nieves, 241 F.3d at 55.

  **ii.**  **2020 Case**

Plaintiff takes aim at the Police Integrity Division claiming that he complained against police officers who allegedly harmed him, but that the officers manipulated the rules so that the administrative investigation was favorable to them, and they were not disciplined. Taking the allegation as true, it is insufficient to show a plausible claim for relief, for it does not evince an utterly defective administrative complaint procedure that resulted in violation of plaintiff's constitutional rights.

### III.  CONCLUSION

Plaintiff is no stranger to this court.  He has filed three different claims since 2013.[3]  His prior complaints were dismissed, and this one must be dismissed as well.  It does not allow the court – even under a liberal construction – to infer the existence of a claim that could entitle plaintiff to relief.  On that basis, the case is DISMISSED.  Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of December, 2021.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge

---

[3] See Arroyo-Muñiz v. ELA de Puerto Rico et. al., Civil No. 13-1337 (GAG); Arroyo-Muñiz v. ELA PR et. al., Civil No. 15-2107 (GAG); and Arroyo-Muñiz v. ELA PR et. al., Civil No. 15-2158 (JAF).